MILTON PEACOCK AND ANDREW DeBERNARDO, PART-
NERS, TRADING UNDER THE FIRM NAME OF PEA-
COCK AND DeBERNARDO, PLAINTIFFS-RESPONDENTS,
v. CLYDE L. DeLAP AND ROSE T. DeLAP, DEFENDANTS-
APPELLANTS.

Submitted October 7, 1947—Decided January 6, 1948.

Before Justices BODINE, HEHER and WACHENFELD.

For the plaintiffs-respondents, *Sydney Shulman* (*Maurice Summer*, of counsel).

For the defendants-appellants, *Charles W. Hutchinson*.

The opinion of the court was delivered by

WACHENFELD, J.  This was an action in the District Court to recover brokerage commissions claimed by virtue of an exclusive brokerage agreement.  The court refused to strike the state of demand and judgment for $412.50 was entered.

The respondents, duly licensed real estate brokers, obtained the following authorization dated February 6th, 1947:

"In consideration of your listing and endeavoring to sell or exchange the property described on the reverse side hereof, the undersigned hereby authorizes you to sell or exchange said property at the price and upon the terms set forth on the reverse side hereof, or at any other price or terms the under-

signed may agree to accept therefor and upon your procuring a purchaser agrees to pay you a commission of Five per cent of the purchase price thereof. Your authority hereunder shall be sole and exclusive for the period of six months from the date hereof, and shall not terminate at the expiration of said period unless you are notified in writing to that effect. Minimum commission $250.00.

"Your commission shall also be considered earned in event said property is sold or exchanged, or contracted to be sold or exchanged, by any one before the termination of your exclusive authority hereunder."

It was prepared on the partnership stationery, signed only by the appellants, a printed space for acceptance by the agency being left blank.

From February 8th to February 27th the house was advertised for sale and the respondents brought prospective purchasers to inspect the premises, and put up a "For Sale" sign which contained the agency's name and address. On February 27th Rose T. DeLap informed Peacock that they were selling the house personally for $8,250. Shortly thereafter a "Sold" sign of another agent was placed on the premises.

The state of demand alleged:

"Notwithstanding said agreement the defendants did sell, exchange, contract to sell or exchange the said property through another before the termination of the contract alleged herein."

There was then an allegation of refusal to pay the commissions due. It also contained an endorsement demanding a trial on the return day and required the appellants to file specification of defenses, which was never done.

A motion to strike the state of demand for failure to relate facts sufficient to constitute a contract was denied. Appellants then asked for a postponement, which was also refused.

The case was tried upon its merits and the evidence fully established a contract, performance by the respondents and breach by the appellants. Cognizance is taken of the repeated admissions by counsel that he had no meritorious defense.

Technical accuracy of pleading is not required in the District Court. It is sufficient that the state of demand set forth

a legal cause of action, apprising the adversary of the claim against him and in such manner that it may afterward appear what was decided. *DeJianne* v. *Citizens' Protective Association,* 79 *N. J. L.* 107; *Kennell* v. *Gershonovitz Bros.,* 84 *Id.* 577. Where the real question in controversy has been fairly and fully tried although not precisely pleaded, and the complaining party has not been surprised or injured, the state of demand will be considered as amended. *O'Donnell* v. *Weiler,* 72 *Id.* 142; *Bishop* v. *Cadman,* 10 *N. J. Mis. R.* 454. The motion to strike was therefore properly denied. *R. S.* 2:27–363.

The refusal of the trial court to grant a postponement was within its discretion and this court cannot say from the record that it was abused.

Judgment affirmed, with costs.